**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIONDRAE PARKER, | Case No.: 3:24-cv-00373-MMD-CSD |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 32 |
| DANIEL OLMER, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 32.) Plaintiff states he is housed at the Washoe County Detention Center and is having difficulties with filings as he is unable to afford postage stamps, paper, and envelopes to send out mail to the court. Plaintiff further states he will need expert witnesses and is unable to adequately present the claims without the assistance of counsel. (*Id*. at 2, 3.)

While any *pro se* inmate such as Mr. Parker would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit, therefore, affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Second Amended Complaint was allowed to proceed on the First Amendment free exercise claim against

Defendants Basask and Omler, on the First Amendment retaliation claim against Defendants Omler, Basack, Breitenbach, Henley, Ashcraft, Fluhr, and Conlin, and on the Eighth Amendment excessive force claim against Defendants Basack and Omler. (ECF No. 8 at 9, 10.) These claims are not so complex that counsel needs to be appointed to prosecute the case. Moreover, Plaintiff's other challenges as a pro se litigant related to difficulties in filing and his request for expert witnesses do not serve as exceptional circumstances to justify appointment of counsel. These same challenges are faced by the vast majority of pro se litigants.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 32).

**IT IS SO ORDERED.**

Dated: June 16, 2026.

_____
Craig S. Denney
United States Magistrate Judge